UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                -against-

DANIEL HARRIS,

                Defendant.

----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CR-628 (JMA)

**FILED**
**CLERK**

2/9/2021 10:25 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**APPEARANCES:**

Seth DuCharme
   Acting United States Attorney
Michael R. Maffei
   Assistant United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
     *Attorneys for the United States*

Daniel Harris
91251-053
FCI Danbury
Route 37
Danbury, CT 06811
     *Pro Se Defendant*

**AZRACK, United States District Judge:**

     For the reasons set forth below, the Court denies the motion for compassionate release of

defendant Daniel Harris ("Defendant").  (ECF No. 40.)

## I.  BACKGROUND

### A.  Guilty Plea and Sentence

     On April 8, 2019, Defendant pled guilty to: (1) one count of possession with intent to

distribute 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation of 21

U.S.C. §§ 841(a), 841(b)(1)(B)(ii)(II), and 841(b)(1)(B)(iii), and (2) one count of possession of a

firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (ECF No. 19.)  On October 11, 2019, the late Judge Arthur D. Spatt sentenced Defendant to 120 months' imprisonment followed by five years of supervised release.  (ECF No. 29.)  Defendant's prison term is estimated to conclude on May 23, 2027.

### B.  The Instant Motion

On January 20, 2021, Defendant, proceeding pro se, moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and sought the appointment of counsel to assist him in preparing a motion and obtaining medical records.  (ECF Nos. 40, 41.)  He argues that because he suffers from hypertension and has been a smoker for twenty years, he is "medically vulnerable to COVID-19" while incarcerated.  (Id. at 2.)  The Government opposes his motion.  (ECF No. 43.)

## II.  LEGAL STANDARD

### A.  Standard of Review

Unless an exception applies, a "court may not modify a term of imprisonment once it has been imposed."  United States v. Pinto-Thomaz, No. 18-CR-579, 2020 WL 1845875, at *2 (S.D.N.Y. Apr. 13, 2020) (quoting 18 U.S.C. § 3582(c)).  The First Step Act, which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i).

The statute provides courts with discretion to grant compassionate release when there are (1) "extraordinary and compelling reasons" that warrant a sentence reduction, (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission,"

and (3) the sentence reduction "is supported by the factors set forth in 18 U.S.C. § 3553(a)." United States v. Canales, No. 16-CR-0212, 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, No. 19-CR-3218, 2020 WL 5739712, at *7 (2d. Cir. Sept. 25, 2020) (finding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the BOP], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling."); see also Simon v. United States, No. 07-CR-474, 2020 WL 5764322, at *2-3 (S.D.N.Y. Sept. 28, 2020) (quoting Brooker, 2020 WL 5739712, at *7).

Even if extraordinary and compelling reasons exist, a "court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020); see also Simon, 2020 WL 5764322, at *3.

## III. DISCUSSION

### A. Exhaustion

Defendant claims he submitted a request to the warden of his facility on January 2, 2021. Thirty days have now passed since his submission, and the warden does not appear to have acted on it. The Government does not contest that Defendant has exhausted his administrative remedies. The Court therefore finds that Defendant has properly exhausted his administrative rights.

**B. Extraordinary and Compelling Reasons for Release**

Defendant bears "the burden of showing that 'extraordinary and compelling reasons' to reduce his sentence exist." United States v. Gotti, No. 02-CR-743-07, 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020). Defendant, who is thirty-eight years old, argues that he is "medically vulnerable to COVID-19" because he has smoked for the past twenty years and suffers from hypertension. (ECF No. 40 at 6.) The medical records submitted by the Government also indicate that he is under evaluation for diabetes. (ECF No. 43 at 4 n.3.) In addition, Defendant's motion raises generalized concerns with the BOP's response to the pandemic nationwide and at his facility, FCI Danbury. (ECF No. 40.)

Though the Court is sympathetic to Defendant's medical issues, Defendant has failed to show that they are sufficiently extraordinary and compelling. In fact, his medical records show that he has received regular medical treatment while incarcerated, and he has not adduced any evidence that he cannot continue to manage his conditions in prison.

This analysis does not change because of the COVID-19 pandemic. As of the date of this Order, FCI Danbury currently has two inmates who have tested positive for COVID-19 and no staff members.[1] To date, Defendant has not, and may not ever, contract COVID-19. Moreover, "the threat of exposure to the coronavirus does not invite an extraordinary and compelling reason to warrant granting a petition for compassionate release." United States v. LoCascio, 90-CR-1051, ECF No. 465 at 8 (E.D.N.Y. July 17, 2020). Even if he does contract the virus, most of those infected do not become seriously ill. See United States v. Santiago, No. 92-CR-563, 2020 WL

---

[1] Federal Bureau of Prisons, COVID-19 Cases, www.bop.gov/coronavirus (providing daily calculations of confirmed infections) (last accessed February 9, 2021, at 10:00 a m.).

2475068, at *3 (E.D.N.Y. May 13, 2020).  Accordingly, the Court finds that Defendant has not set forth an "extraordinary and compelling" reason to warrant modification of his sentence.

### C. Consideration of Section 3553(a) Factors

Additionally, the application of the relevant Section 3553(a) sentencing factors does not support compassionate release.[2]  At the time of his arrest for the instant offense, Defendant was in possession of over one kilogram of cocaine, forty grams of crack cocaine, a kilo press, $10,000 in narcotics proceeds, as well as a shotgun, pistol, and revolver.  (ECF No. 43 at 6.)  His sentence reflected the seriousness of his offense, attempted to promote respect for the law, and tried to provide just punishment.  A reduction of the sentence would undermine those goals.  Before he pled guilty to the instant offense, Defendant had three prior drug felony convictions as well as a drunk driving conviction.  (Id. at 7.)  His sentence aimed to protect the public from further crimes of Defendant and was an attempt to afford adequate deterrence to criminal conduct.  Moreover, Defendant's 120-month sentence at the mandatory minimum was below the range contained in his plea agreement and the range recommended by the Probation Department.  (Id. at 9.)  Reducing his sentence below the mandatory minimum would lead to sentence disparities among defendants

---

[2]  These factors are:
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B)  to afford adequate deterrence to criminal conduct;
>> (C)  to protect the public from further crimes of the defendant; and
>> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)  the kinds of sentences available;
> (4)  [the kinds of sentences and sentencing range provided for in the USSG]
> (5)  any pertinent [Sentencing Commission policy statement]
> (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

with similar records.  Accordingly, the Section 3553(a) factors weigh against granting Defendant's motion.

### D.  Appointment of Counsel

Finally, Defendant moves for the appointment of counsel to assist him in moving for compassionate release and in obtaining his medical records.  (ECF No. 41.)  In light of the Court's denial of his motion for compassionate release and the Government's submission of Defendant's medical records to both the Court and Defendant, the Court finds his motion for the appointment of counsel to be moot.  See United States v. Pina, No. 01-CR-619, 2021 WL 364192, at *1 (S.D.N.Y. Feb. 3, 2021) ("For a compassionate release motion such as the one Piña contemplates, it is within the district court's discretion whether to appoint counsel.")

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion is **DENIED**.  This application is denied without prejudice to its renewal should Defendant's condition or the situation at his facility materially worsen.

**SO ORDERED.**

Dated:  February 9, 2021
     Central Islip, New York

                                    /s/ (JMA)
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE