| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br><br>UNITED STATES OF AMERICA,<br><br>            -against-<br><br>DANIEL HARRIS,<br><br>            Defendant.<br>------------------------------------------------------------X | For Online Publication Only<br><br><br>**ORDER**<br>18-CR-628 (JMA)<br><br>FILED<br>CLERK<br>11:09 am, Mar 05, 2021<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE |

**APPEARANCES:**

Seth DuCharme
    Acting United States Attorney
Michael R. Maffei
    Assistant United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
    *Attorneys for the United States*

Daniel Harris
91251-053
FCI Danbury
Route 37
Danbury, CT 06811
    *Pro Se Defendant*

**AZRACK, United States District Judge:**

On February 9, 2021, this Court denied the motion of defendant Daniel Harris ("Defendant") in which he sought compassionate release based on the onset of the COVID-19 pandemic. (ECF No. 44.) Ultimately, the Court denied Defendant's motion because he failed to demonstrate "extraordinary and compelling" circumstances warranting compassionate release and the Section 3553(a) sentencing factors weighed against granting his application. (Id.)

Defendant now moves for reconsideration because the Court, repeating a representation in the Government's opposition brief, observed that "he is under evaluation for diabetes." (Id. at 4.)

Though Defendant never made mention of diabetes in his original motion, he now argues that he actually does have Type II diabetes. (ECF No. 46 at 3.) He argues that this diagnosis, combined with his other medical conditions the Court previously analyzed, entitles him to compassionate release because he faces a higher likelihood of complications should he contract COVID-19. (Id.) Defendant also reiterates his prior arguments regarding application of the Section 3553(a) factors. (Id. at 5.)

"The standards for reconsideration among the civil and criminal rules are largely the same." United States v. Daugerdas, No. 9-CR-581, 2020 WL 4931988, at *2 (S.D.N.Y. Aug. 18, 2020) (quoting United States v. Lisi, 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Glob. View Ltd. Venture Capital v. Great Cent. Basin Expl., L.L.C., 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

In assessing Defendant's original motion, the Court was aware that Defendant may have been diabetic and assessed his motion accordingly. Knowing that he is, in fact, diabetic does not alter the Court's prior analysis and does not change the conclusion the Court reached. Furthermore, the Government has informed the Court that Defendant has received his first dose of the Moderna vaccine. (ECF No. 48.) Based on distribution patterns, it is likely that he received the vaccine more quickly in prison than he would have outside of it. See United States v. Mckay, No. 18-CR-339, 2021 WL 807108, at *4 (S.D.N.Y. Mar. 3, 2021). Though the Court is sympathetic to Defendant's medical conditions, it is by no means certain Defendant will contract COVID-19, particularly in light of: (1) his vaccination; (2) the protective measures the BOP has taken to curb

spread of the disease; and (3) the fact that only one inmate is currently testing positive for COVID-19 at his facility.[1] For these reasons and those articulated in more detail in the Court's prior order, (ECF No 44), which the Court incorporates by reference, Defendant's motion is **DENIED**.

**SO ORDERED.**

Dated:  March 5, 2021
        Central Islip, New York

                                              /s/ (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE

---

[1] As of March 5, 2021, the number of inmates at FCI Danbury testing positive for COVID-19 is 1 and the number of staff testing positive for COVID-19 is 1.  See Federal Bureau of Prisons, COVID-19 Cases, www.bop.gov/coronavirus (providing daily calculations of confirmed infections) (accessed on March 5, 2021, at 9:00 a m.).